**BARRE GRANITE ASS'N, Inc., et al. v. FASOLINO MONUMENTS, Inc., et al.**

District Court, E. D. New York.

Dec. 16, 1947.

Kermit F. Kip, of New York City, for plaintiffs.

Alexander Del Giorno, of Long Island City, for defendants.

GALSTON, District Judge.

The plaintiffs move for an order to punish the defendants for a contempt of this court for violating the provisions of a decree of this court which was entered pro confesso on December 13, 1941.

The complaint was filed on December 11, 1941. It alleges that the two plaintiff corporations are the owners of the registered trade-mark "Barre Guild," as a trade-name and trade-mark upon monuments of Barre granite, quarried and manufactured at Barre, Vermont, by members of the plaintiff corporations. It is charged that the defendants infringed the trade-mark by placing and cutting this aforesaid trade-mark upon monuments manufactured by or dealt in by the defendants.

Upon a stipulation of the parties, dated December 2, 1941, which curiously enough

antedated the filing of the complaint, a decree pro confesso was obtained, which enjoined the defendants from infringing the plaintiffs' trade-mark "Barre Guild," and further ordered the defendant to remove the trade-mark or trade-name from all monuments upon which they had already affixed or cut said trade-name or trade-mark, or the words "Barre Guild" in any form "insofar as it is within their power to do so."

No other proceedings in the matter were had until the pending motion was made. It is charged that the defendants, in violation of the decree pro confesso, did not send the monument bearing the name "Lagala" to Barre and have the manufacturer thereof remove the words "Barre Guild," and that the cemetery monument still stands with the name "Barre Guild" cut on the said monument. The defendant calls attention to paragraph Fifth of the agreement which provides: "Whatever authority or consents are necessary, customary or proper to accomplish the matter set forth in the two preceding paragraphs will be procured by the Fasolinos." The affidavit in opposition to this motion also recites that the defendants requested the Lagala family to permit the removal of the monument for this purpose and that they have constantly refused to do so. It is entirely clear that no effort is made by the plaintiff to show that the defendants, in the absence of express permission from the owners of the monument, could send the monument to Barre for obliteration of the name; nor could the defendants themselves go on the cemetery plot and seek to obliterate the name without the consent of the owners of the monument. It is nowhere asserted that the defendants have any title to the monument. Presumably they parted with title at the time that the monument was erected to mark the place of burial.

In regard to the "Sergio" monument, as well as the "Coughlin" monument, it appears that in the stipulation of December 2, 1941, the Fasolinos agreed at their own expense to remove the words "Barre Guild" from those monuments, and certified that that had been done. It seems, however, that only the word "Guild" was erased, and the legend changed to read "Barre Granite," the word "Granite" having been cut over the word "Guild." As to those changes, they can hardly be regarded as a violation of the decree pro confesso, for otherwise the decree would be broader in scope than the cause of action set forth in the complaint. The complaint alleges no ownership of the trade-mark "Barre Granite." It can readily be understood why no such trade-mark could be acquired at least prior to the recent trade-mark act which went into effect on July 5, 1947. The words "Barre Granite" are doubly objectionable under the old act and under the common law of trade-marks because "granite" is a descriptive term, and "Barre" a geographical term. The same legal objections apply to the contention that there is a violation of the decree pro confesso in engraving the term "Barre Guild" on the Norton monument.

Accordingly the motion must be denied. Settle order on notice.